Argued February 22, affirmed April 2, reconsideration
denied May 8, petition for review denied May 15, 1979,
186 Or 435

STATE OF OREGON, *Respondent,*
*v.*
VERNON HOWARD GARTZKE, *Appellant.*
(No. 77 2927, CA 12303)

592 P2d 1040

J. Marvin Kuhn, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief were Gary D. Babcock, Public Defender, Salem.

Michael J. Francis, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

TANZER, J.

**TANZER, J.**

Defendant appeals from a conviction of criminal nonsupport of his child. The state's evidence showed that he provided no support for his child during a particular 60-day period. The defendant testified in his defense that he had been intermittently employed, that he had remarried and assumed other obligations and that he had previously made small payments when he was able.

The defendant assigns as error the giving of the following instruction:

"The State does not have to prove that the defendant wickedly intended not to support his child. The failure to support means a willful or negligent failure to provide adequately."

The defendant contends that the instruction is erroneous because the criminal nonsupport statute does not forbid negligent failure to suport.

ORS 163.555(1) under which defendant was charged provides:

"A person commits the crime of criminal nonsupport if, being the parent, lawful guardian or other person lawfully charged with the support of a child under 18 years of age, born in or out of wedlock, he refuses or neglects without lawful excuse to provide support for such child."

The criminal nonsupport statute does not prescribe a culpable mental state. Therefore the requisite mental state is defined by a general statute, ORS 161.115(2), which provides:

"* * * [I]f a statute defining an offense does not prescribe a culpable mental state, culpability is nonetheless required and is established only if a person acts intentionally, knowingly, recklessly or with criminal negligence."

Ostensibly, the reference to "criminal negligence" would support the reference in the instruction to

"negligent" failure.[1] The statutory definition of "criminal negligence," however, is not applicable to every situation of nonsupport by failure to pay money. ORS 161.085(10) provides:

" 'Criminal negligence' or 'criminally negligent,' when used with respect to a result or to a circumstance described by a statute defining an offense, means that a person fails to be aware of a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

■ Because the definition of criminal negligence is meaningless in the factual setting of this case, there being no evidence of negligent nonpayment, the requisite culpable mental state was that the act be intentional or knowing. The word "willful" in the instruction conveyed that idea to the jury. The inclusion of the word "negligent" tended to inform the jury that some lesser culpable mental state was sufficient to constitute the crime. Therefore, the phrasing of the instruction was erroneous.

■■ To determine whether the giving of a particular instruction is error, we look to the instructions as a whole. *State v. Keffer*, 3 Or App 57, 60-61, 471 P2d 438 (1970). Here, the jury was given an abundance of instructions which correctly stated the law and the defendant's theory of the case. They were too extensive to justify setting them out on these pages and clearly and repeatedly covered the intentional nature of the crime with which defendant was charged. Looking to the instructions as a whole, we conclude that the erroneous instruction could not have misled the jury and therefore we hold that it was harmless.

Affirmed.

---

[1] The state cites *State v. Langford,* 90 Or 251, 265-66, 176 P 197 (1918), to this effect, but that case is superceded by enactment of ORS 161.115.