Submitted March 1, affirmed June 25, 1979

CITY OF PORTLAND, *Appellant,*
*v.*
WILLIAM JAMES ANDERSON, *Respondent.*
(No. DA149727-7805, CA 12451)

596 P2d 603

James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Melinda L. Bruce, Assistant Attorney General, Salem, filed the brief for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Buttler and Joseph, Judges.

BUTTLER, J.

**BUTTLER, J.**

The City of Portland appeals from an order dismissing the City's complaint charging defendant with interfering with two named peace officers in the performance of their duties in violation of a specified City ordinance. The complaint was dismissed following the trial court's sustaining defendant's demurrer. The dispositive question on appeal is whether the applicable portion of the ordinance is void for vagueness.

The Portland City Ordinance 14.08.140, under which defendant was charged, provides:

> "It is unlawful for any person to resist a peace officer, or parking patrol deputy or supervisor, or to refuse to assist him in the discharge of his duties, or to interfere with or publicly incite or encourage another to interfere with a peace officer or parking patrol deputy or supervisor in performance of his duties."

■ We are concerned here only with the "interference" portion of the ordinance under which defendant was charged, and whether the language is too vague to permit its salvage by judicial interpretation. Under the due process clause,

> "* * * the terms of a penal statute creating an offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties. See Freund, *The Use of Indefinite Terms in Statutes*, 30 Yale L J 437 (1921), and recent cases collected in the Annotation of Ashton v. Kentucky, 384 US 195, 86 S Ct 1407, 16 L Ed 2d 469, at 1231 (1966).

> "2. In addition to its due-process function of putting persons on notice of the law's demands, reasonable certainty serves a second purpose: adjudication. A law that permits the judge and jury to punish or withhold punishment in their uncontrolled discretion is defective as much for its uncertainty of adjudication as for its failure to notify potential defendants of its scope and reach.

[781]

"A law that is too vague for reasonable adjudication is bad on two grounds. A vague statute lends itself to an unconstitutional delegation of legislative power to the judge and jury, and, by permitting the jury to decide what the law will be, it offends the principle, if not the rule, against *ex post facto* laws. See Oregon Constitution, Art I, § 21." *State v. Hodges*, 254 Or 21, 27, 457 P2d 491 (1969).

In *State v. Sanderson*, 33 Or App 173, 575 P2d 1025 (1978), we held that the phrase "alarms or seriously annoys" as used in the harassment statute (ORS 166.065(1) (d)) did not provide standards capable of judicial application because it gave "no basis to distinguish between anti-social conduct which was intended to be prohibited and socially tolerable conduct which could not reasonably have been intended to be subject to criminal sanction." 33 Or App at 176-77.

In the ordinance in question, the word "interfere" is not defined, and it is not, as the City contends, a word which has an "ordinary and unmistakable meaning to all persons of common understanding." Its dictionary definition includes: to meddle; to enter into or take a part in the concerns of others: intermeddle, intervene, interpose; to be in opposition. The elasticity and subjective nature of the ordinance is apparent, particularly when it is considered that it does not require a specific intent, knowledge that the person interfered with is a peace officer or knowledge that the officer is in the performance of his duties.[1] For all that appears, the conduct could be innocent or negligent, yet "interfere" with the officer. Further, the ordinance does not specify whether the "interference" must be by physical contact, or whether it may be by words or gestures.

██ Under the ordinance, to give but one example, one who calls to an officer directing traffic, thereby diverting his attention, could be in violation. The fact that a prosecutor, a judge or a jury might use common sense

---

[1] While the ordinance does not so require, the complaint here alleged that defendant "knowingly" interfered with the two named officers "known by defendant" to be peace officers in the performance of their duties.

in not prosecuting, dismissing the complaint or acquitting the defendant does not resolve the problem. Rather, it points it out:

> "The very looseness of the language of ORS 167.210 encourages the prosecution to utilize the statute selectively to rid the community of individuals deemed subjectively less desirable than other offenders. It is the looseness of the language which offends due process and makes the catch-all clause of the statute an instrument of potential abuse." *State v. Hodges, supra,* at 28.

We hold the "interference" portion of the ordinance is too vague to satisfy the requirements of due process and is not susceptible of salvation by interpretation. It must, therefore, be set aside.

Affirmed.