Argued May 24, affirmed July 2, reconsideration denied October 11,
petition for review allowed November 7, 1979

STATE OF OREGON, *Respondent,*

*v.*

GARRETTE CANER WOLFE, JR., *Appellant.*

(No. 107,610, CA 13215)

596 P2d 1322

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

Defendant was found guilty by the trial judge of the crime of possession of a weapon by an inmate of a penal institution, ORS 166.275, [1] on stipulated facts and sentenced to five years imprisonment. He seeks remand for judgment of conviction for a violation and resentencing. Defendant contends he can only be convicted for a violation which cannot carry a prison term because ORS 166.275 is outside the criminal code and it neither requires a culpable mental state nor evidences a clear legislative intent to dispense with the requirement of a culpable mental state. ORS 161.105(1) and (2).[2] *State v. Eyerly,* 37 Or App 399, 587 P2d 1039 (1978); *State v. Pierre,* 30 Or App 81, 566 P2d 534 (1977).

We need not reach defendant's contention that ORS 166.275 can only provide for a violation, however,

---

[1] ORS 166.275 provides:

"Any person committed to any penal institution who, while under the jurisdiction of any penal institution or while being conveyed to or from any penal institution, possesses or carries upon his person, or has under his custody or control any dangerous instrument, or any weapon including but not limited to any blackjack, slingshot, billy, sand club, metal knuckles, explosive substance, dirk, dagger, sharp instrument, pistol, revolver or other firearm without lawful authority, is guilty of a felony and upon conviction thereof shall be punished by imprisonment in the penitentiary for a term not more than 20 years."

[2] ORS 161.105(1) and (2) provide:

"(1) Notwithstanding ORS 161.095, a culpable mental state is not required if:

"(a) The offense constitutes a violation, unless a culpable mental state is expressly included in the definition of the offense; or

"(b) An offense defined by a statute outside the Oregon Criminal Code clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any material element thereof.

"(2) Notwithstanding any other existing law, and unless a statute enacted after January 1, 1972, otherwise provides, an offense defined by a statute outside the Oregon Criminal Code that requires no culpable mental state constitutes a violation."

[81]

because this case falls within the provisions of ORS 161.105(3) which states:

> "(3) Although an offense defined by a statute outside the Oregon Criminal Code requires no culpable mental state with respect to one or more of its material elements, *the culpable commission of the offense may be alleged and proved,* in which case criminal negligence constitutes sufficient culpability, and the classification of the offense and the authorized sentence shall be determined by ORS 161.505 *to 161.655.* [General provisions for classification of and penalties for criminal offenses]." (Emphasis supplied.)

Even if ORS 166.275, as contended by defendant, requires no culpable mental state, the indictment in this case charged defendant with "knowingly" possessing the weapon and the stipulated evidence was more than sufficient to prove his knowledge. Therefore, the trial court did not err in sentencing defendant to a prison term.

Affirmed.