Argued and submitted January 8, affirmed February 6, 1980

# STATE OF OREGON,
*Respondent,*

*v.*

# GARRETTE CANER WOLFE, JR.,
*Petitioner.*

## (TC 107610, CA 13215, SC 26462)

605 P2d 1185

Paul J. DeMuniz, Salem, argued the cause for petitioner. On the brief were Gary D. Babcock, Public Defender, and Gary L. Hooper, Deputy Public Defender.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General.

Before Denecke, Chief Justice, and Tongue, Howell, Lent, Linde, and Peterson, Justices.

LINDE, J.

**LINDE, J.**

ORS 166.275 makes it a felony for a person committed to a penal institution to have possession or custody of certain weapons or dangerous instruments, listed in the statute, including a "sharp instrument." Defendant, a prisoner at the Oregon State Penitentiary, was convicted on a stipulation of facts on a charge of unlawful possession of a knife. The issue before us concerns the mental state required for culpability under ORS 166.275.

The statute provides:

> "Any person committed to any penal institution who, while under the jurisdiction of any penal institution or while being conveyed to or from any penal institution, possesses or carries upon his person, or has under his custody or control any dangerous instrument, or any weapon including but not limited to any blackjack, slingshot, billy, sand club, metal knuckles, explosive substance, dirk, dagger, sharp instrument, pistol, revolver or other firearm without lawful authority, is guilty of a felony and upon conviction thereof shall be punished by imprisonment in the penitentiary for a term not more than 20 years."

The indictment charged defendant with possessing the knife "knowingly, unlawfully and feloniously . . . [and] not having any lawful authority to possess said weapon." If the statute requires a culpable mental state, and "knowing" possession satisfies the requirement, the conviction must be affirmed. Defendant finds himself in the position, unusual for a defendant, of arguing that the law which defines his conduct as a felony does not require a culpable mental state at all. He makes this argument in order to invoke one of the general provisions of the criminal code which states that "an offense defined by a statute outside the Oregon Criminal Code that requires no culpable mental state constitutes a violation." ORS 161.105(2).[1]

---

[1] ORS 161.105:

"(1) Notwithstanding ORS 161.095, a culpable mental state is not required if:

*(Continued on following page)*

[523]

The trial court stated its view to be that ORS 166.275 must be understood to require a culpable mental state, either "knowingly" or "intentionally," although neither term appears in its text. Since the court overruled defendant's demurrer and entered a conviction on the indictment, the court apparently concluded that "knowing" possession, as charged in the indictment, satisfied the requirement.

In affirming defendant's conviction, the Court of Appeals relied on subsection (3) of ORS 161.105, *supra* note 1, which provides that even when an offense requires no culpable mental state, the culpable commission of the offense may nevertheless be charged and proved and a sentence imposed accordingly. 41 Or App 79, 596 P2d 1322 (1979). We allowed review to consider the court's assumption that ORS 166.275 is one of the class of statutes referred to in ORS 161.105(3). We conclude that it is not, but we affirm the conclusion reached by the trial court.

ORS 161.105, on which defendant relies to reduce his offense to a violation, deals with exceptions to the

---

*(Continued from previous page)*

"(a) The offense constitutes a violation, unless a culpable mental state is expressly included in the definition of the offense; or

"(b) An offense defined by a statute outside the Oregon Criminal Code clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any material element thereof.

"(2) Notwithstanding any other existing law, and unless a statute enacted after January 1, 1972, otherwise provides, an offense defined by a statute outside the Oregon Criminal Code that requires no culpable mental state constitutes a violation.

"(3) Although an offense defined by a statute outside the Oregon Criminal Code requires no culpable mental state with respect to one or more of its material elements, the culpable commission of the offense may be alleged and proved, in which case criminal negligence constitutes sufficient culpability, and the classification of the offense and the authorized sentence shall be determined by ORS 161.505 to 161.655."

general requirement that all offenses require a culpable mental state. ORS 161.095.[2] He could bring himself within its terms only if the offense is defined by a statute which is "outside the Oregon Criminal Code" and which "clearly indicates a legislative intent to dispense with any culpable mental state requirement." It is arguable whether ORS 166.275, which antedates the revision of the criminal laws in 1971 and was not included in that revision, satisfies the first condition.[3] But in any event, ORS 166.275 does not "clearly indicate" that the legislature intended to create an offense without any culpable mental element. This would be an improbable and artificial construction of a crime defined as a felony and carrying a potential 20-year sentence.

The culpable mental state implicit in the definition of this crime may be determined from the conduct and the circumstances with which it deals. The prohibited conduct is to "possess" the forbidden objects or to "carry them on one's person" or to have them in one's "custody or control." We do not believe these were

---

[2] ORS 161.095:

"(1) The minimal requirement for criminal liability is the performance by a person of conduct which includes a voluntary act or the omission to perform an act which he is capable of performing.

"(2) Except as provided in ORS 161.105, a person is not guilty of an offense unless he acts with a culpable mental state with respect to each material element of the offense that necessarily requires a culpable mental state."

[3] The legislative history indicates that the provision for offenses "outside the Oregon Criminal Code" was designed to cover the great variety of regulatory statutes that contain provisions for enforcement by criminal prosecution, and particularly to avoid strict liability for offenses potentially punishable by imprisonment. *See* Minutes of the Criminal Law Revision Commission, June 17, 1969, pp 40-42, and September 12, 1969, pp 2-3.

The sections of ORS chapter 166 dealing with weapons, of which ORS 166.275 is one, were eventually excluded in the process of getting the criminal law revision ready for legislative enactment, but not because they were regarded as extraneous to the criminal code. Thus although they are among those sections that were not made part of the "Oregon Criminal Code of 1971," *see* ORS 161.005, it does not necessarily follow that they are "statutes outside the Oregon Criminal Code" as referred to in ORS 161.105.

meant to include unknowing acts. If no mental element were required, an inmate might be charged under the statute if a forbidden item were placed in his cell without his knowledge or if it were in the pocket of someone else's jacket that he picked up by mistake. Such a reading would not correspond to the gravity indicated by creating a felony punishable by a heavy sentence.

On the other hand, the setting of the prohibited conduct is a penal institution, or transit to or from such an institution. We think that a prisoner who knows that he has one of the listed items in his possession, custody, or control without authorization and does not act to dispose of it in a manner required or appropriate under the circumstances has met the required degree of culpability. In this setting, we do not believe the legislature meant to make an additional issue of the inmate's "intention" in the sense of acting "with a conscious objective to cause the result or to engage in the conduct so described."[4]

Accordingly, the trial court did not act on an erroneous view of the law. The indictment alleged defendant's knowledge that he had possession of the knife. It is not disputed that he in fact knew he had the knife or that it was a "sharp instrument" within the meaning of the statute. The judgment is affirmed.

Affirmed.

---

[4] ORS 161.085 defines the words as follows:

"(7) 'Intentionally' or 'with intent,' when used with respect to a result or to conduct described by a statute defining an offense, means that a person acts with a conscious objective to cause the result or to engage in the conduct so described.

"(8) 'Knowingly' or 'with knowledge,' when used with respect to conduct or to a circumstance described by a statute defining an offense, means that a person acts with an awareness that his conduct is of a nature so described or that a circumstance so described exists."