Argued and submitted March 16, reversed and remanded
for trial June 29, reconsideration denied August 13,
petition for review allowed September 22, 1981 (291 Or 662)

STATE OF OREGON,
*Appellant,*

*v.*

ANTHONY DENNIS HUIE,
*Respondent.*

(No. DA 190238-8002, CA 19247)

630 P2d 382

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief was Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General and William F. Gary, Deputy Solicitor General, Salem.

Raymond F. Thomas, Metropolitan Public Defender, Portland, argued the cause for respondent. With him on the brief was Ken Brinich, Law Clerk, Portland.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant was charged with prostitution. ORS 167.007.[1] The complaint alleged that defendant "* * * did unlawfully and *knowingly* agree to pay a fee to engage in sexual conduct." (Emphasis supplied.) Defendant demurred to the complaint, alleging that ORS 167.007 is "unconstitutionally vague and overbroad in that it can deter citizens from exercising their right of expression guaranteed by Article I, Section 8 of the Oregon Constitution." Defendant was concerned that, because the statute does not prescribe a culpable mental state, there is a possibility of prosecution for acts committed unintentionally, which in turn could deter free speech. The trial court did not rule on the constitutional challenge but nevertheless dismissed the complaint because it alleged "knowingly" rather than "intentionally" as its mental element. The state appeals. We reverse.

The first issue presented by this appeal is whether "intentionally" is the required mental state for prosecution under ORS 167.007 as charged in this case. ORS 167.007 does not expressly specify a culpable mental state. ORS 161.115(2) provides:

"* * * [I]f a statute defining an offense does not prescribe a culpable mental state, culpability is nonetheless required and is established only if a person acts intentionally, knowingly, recklessly or with criminal negligence."

The question which is then presented is: which one or more of the four mental states is appropriate here?

A similar issue was presented in *State v. Wolfe,* 288 Or 521, 605 P2d 1185 (1980), where the defendant, a prisoner at the penitentiary, was charged with possession of a dangerous instrument in violation of ORS 166.275, which also prescribes no culpable mental state. The Supreme Court construed the statute in light of the conduct

---

[1] ORS 167.007 provides:

"(1) A person commits the crime of Prostitution, if:

"(a) He engages in or offers or agrees to engage in sexual conduct or sexual contact in return for a fee; or

"(b) He pays or offers or agrees to pay a fee to engage in sexual conduct or sexual contact."

and circumstances with which it deals and held that a culpable mental state of "knowingly" is implicit in the definition of that crime.

■■     We hold that the same state of mind is implicit here. What the statute proscribes is an unlawful *agreement* to pay a fee to engage in sexual conduct. The definitions of both "recklessly" and "criminal negligence" refer to underlying conduct of the defendant which "constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." ORS 161.085(9) and (10).[2] Because both mental states involve a deviation from a standard of care, neither would be an appropriate mental state for the crime charged here. The mental state "knowingly," on the other hand, fits within the statute's clear purpose. "Knowingly" means that a person "acts with an awareness" that his conduct is of a nature described by the statute or that a described circumstance exists. ORS 161.085(8).[3] In the context of the present case, for example, one's knowledge that his acts constitute the making of the forbidden agreement puts him squarely within the act's prohibition.

■■     Stated differently, the use of the word "knowingly" in this charging instrument must be considered in connection with the use of the statutory term "agree." "Agree" means, among other things,

---

[2] ORS 161.085(9) and (10) state:

"(9)  'Recklessly,' when used with respect to a result or to a circumstance described by a statute defining an offense, means that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstances exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation.

"(10)  'Criminal negligence' or 'criminally negligent,' when used with respect to a result or to a circumstance described by a statute defining an offense, means that a person fails to be aware of a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

[3] ORS 161.085(8) provides:

" 'Knowingly' or 'with knowledge,' when used with respect to conduct or to a circumstance described by a statute defining an offense, means that a person acts with an awareness that his conduct is of a nature so described or that a circumstance so described exists."

"To come to terms about the price of anything, to bargain, contract." Oxford English Dictionary (Compact Edition, 1978).

It is the *act of agreeing* which the statute forbids: the contract, not its consummation. When the statute is viewed in that light, it is clear that it is enough that one *knows* one has so agreed in order to run afoul of the statute, *i.e.,* one who has knowingly *agreed* has done what the legislature forbade. *Cf., State v. House,* 37 Or App 131, 586 P2d 388 (1978).

■     Defendant argues, in the alternative, that the statute so construed impinges upon free speech. In the context of forbidding a contract to perform sexual services for hire, we fail to see how.

Reversed and remanded for trial.