Argued and submitted November 2, 1981, affirmed January 5, 1982

STATE OF OREGON,
*Respondent on review,*
*v.*
ANTHONY DENNIS HUIE,
*Petitioner on review.*

(No. DA 190283-8004, CA 19247, SC 28004)

638 P2d 480

Thomas H. Denney, Assistant Attorney General, Salem, filed brief and argued cause for respondent on review. With him on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General and William F. Gary, Deputy Solicitor General.

Raymond F. Thomas, Portland, filed brief and argued cause for petitioner on review. With him on the brief were Royce, Swanson & Thomas.

LINDE, J.

## LINDE, J.

Prostitution as defined in the Oregon Criminal Code is committed when one engages in, offers or agrees to engage in, pays, or offers to or agrees to pay a fee to engage in sexual conduct or contact.[1] That section does not specify any mental state required for culpability, but in the absence of such a specification, ORS 161.115(2) prescribes that "culpability is nonetheless required and is established only if a person acts intentionally, knowingly, recklessly or with criminal negligence."

Defendant was charged with prostitution in a complaint which alleged that he "did unlawfully and knowingly agree to pay a fee to engage in sexual conduct." Upon defendant's demurrer, the district court dismissed the complaint because it alleged "knowingly" rather than "intentionally" as the required culpable mental state. The Court of Appeals reversed, 52 Or App 975, 630 P2d 382 (1981), and we allowed review.

Defendant attacks the complaint on constitutional grounds. He argues that the statutory prohibition against "offering" or "agreeing" would cover mere talk, in boast or in jest, and thus on its face impinge on freedom of speech under Oregon Constitution, article I, section 8,[2] *see State v. Spencer,* 289 Or 225, 611 P2d 1147 (1978), unless it is understood to require a culpable intent beyond the words themselves. The state does not dispute that culpability requires more than words apparently undertaking to exchange sexual acts for a fee, but it disputes that the substitution of "intentionally" for "knowingly" before "agree" in the charging instrument would address that issue.

---

[1] ORS 167.007:

"(1) A person commits the crime of prostitution if:

"(a) He engages in or offers or agrees to engage in sexual conduct or sexual contact in return for a fee; or

(b) He pays or offers or agrees to pay a fee to engage in sexual conduct or sexual contact.

"(2) Prostitution is a Class A misdemeanor."

[2] Or Const art I, § 8:

"No law shall be passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever; but every person shall be responsible for the abuse of this right."

The state's point is well taken. The issue raised by defendant's attack on the complaint really concerns the meaning of "agree." Obviously, more than an exchange of words or gestures signaling assent is required, or the statute would be violated if actors performed a scene depicting such an agreement in a play, although neither means to act on the pretended agreement. But the elements required to find that the defendant actually agreed to pay a fee for sexual conduct, as charged in this complaint, are a matter for jury instructions or for trial court findings, a stage which has not been reached in this case. Placing "intentionally" before "agree" in the charging instrument would not correctly express the point for which defendant contends. As the state's brief says, "intentionally agree" would only charge that an agreement was intentionally entered into; it would not state the charge that the agreement was entered into with the intention to perform it. In fact, the state makes the point that the word "knowingly" also is surplusage "because the very word 'agree' connotes a purposeful undertaking."

Perhaps it makes little sense to fear that one might be criminally charged with "agreeing" without knowing that one was agreeing or intending to agree to anything, whatever might be true in some civil contexts. We need not pursue the question beyond holding that the complaint was not defective for failing to allege that defendant "intentionally" agreed to pay a fee for sexual conduct. The Court of Appeals correctly so held.

Affirmed.