Argued and submitted November 30, 1981, reversed and
remanded for trial February 22, 1982

## STATE OF OREGON,
*Appellant,*

*v.*

## RONALD ANTHONY ANDERSON,
*Respondent.*

(No. CR 80-452, CA A21489)

641 P2d 40

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Kenneth A. Morrow, Eugene, argued the cause for respondent. With him on the brief was Morrow, McCrea & Divita, P.C., Eugene.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

The state appeals an order of the district court sustaining a demurrer to a complaint charging defendant with menacing. The trial judge ruled that the statute, ORS 163.190 is unconstitutionally vague and overbroad. We reverse and remand for trial.

The complaint alleges:

"The Defendant, on or about July 15, 1980, in the County of Benton and State of Oregon did unlawfully and intentionally attempt to place Carl Skirving in fear of imminent serious physical injury by brandishing a pistol at Carl Skirving while threatening to shoot him."

Menacing is defined by ORS 163.190(1), which provides:

"A person commits the crime of menacing if by word or conduct he intentionally attempts to place another person in fear of imminent serious physical injury."

■ In support of the trial court's ruling on the demurrer, defendant first argues the statute is void on its face because it "unduly restricts the exercise of free expression guaranteed by Article I, § 8 of the Oregon Constitution," citing *State v. Spencer,* 289 Or 225, 611 P2d 1147 (1980). In *Spencer,* speech itself was the direct subject of the disorderly conduct provision, ORS 166.025(1)(c). The Supreme Court found that statute unconstitutional because the terms of the statute prohibited protected speech. Here, the statute is not directed at speech and in that respect is like any other criminal statute defining a crime which may incidentally involve communication. *See State v. Robertson,* 54 Or App 630, 633, 635 P2d 1057 (1981) (criminal coercion statute, ORS 163.275(1)(e), does not encroach on First Amendment rights nor is it unconstitutionally vague). The prohibited act under ORS 163.190 is "intentionally attempting to place a person in fear of imminent serious physical injury." As the statute indicates, this can be accomplished by "word or conduct." That a person can attempt to place another in fear of imminent serious physical injury through words is only incidental and does not directly implicate First Amendment nor Article I, § 8 rights.

In *State v. Blocker,* 291 Or 255, 630 P2d 824 (1981), a case involving possession of a "billy" in violation of ORS

166.510(1), the court discussed constitutional overbreadth. The court noted that the legislature can make a law as "broad" and inclusive as it chooses, unless it reaches into a constitutionally protected area. As in *State v. Robertson, supra,* no First Amendment intrusion exists here, and no encroachment on any other constitutional right has been asserted. It follows that ORS 163.190 is not unconstitutionally overbroad.

■     Defendant also argues that the menacing statute is unconstitutionally vague and void on its face. Assuming this argument is properly before us in this case, we do not find the statute to be so elastic that persons of common intelligence must necessarily guess at its meaning, *City of Portland v. White,* 9 Or App 239, 242, 495 P2d 778, *rev den* (1972), or that it impermissibly delegates basic policy matters to police officers, prosecutors, judge and juries for resolution on an *ad hoc* basis. *State v. Hodges,* 254 Or 21, 457 P2d 491 (1969).

The statute employs words which are either defined elsewhere in the criminal code,[1] or are in common usage. *See State v. Corpuz,* 49 Or App 811, 621 P2d 604 (1980). *Cf. City of Portland v. Anderson,* 40 Or App 779, 596 P2d 603 *rev den* 287 Or 507 (1979) (ordinance in question did not define words nor were they of common usage). The material elements of the offense of menacing are (1) intentionally (2) attempting (3) by word or conduct (4) to place another person in fear of imminent serious physical injury. *State v. Cummings,* 33 Or App 265, 268, 576 P2d 36 (1978). The victim's subjective state of mind is not a defined element of the crime; rather it is only necessary that a reasonable person would have been placed in the requisite state of fear. *State v. Lockwood,* 43 Or App 639, 642, 603 P2d 1231 (1979).

Menacing covers any situation where the actor attempts to place another person in fear of imminent serious bodily harm and where serious injury is neither intended nor inflicted. Criminal Law Revision Committee, Proposed Criminal Code, Final Draft and Report, § 95, at

---

[1] For example, "intentionally" is defined in ORS 161.085(7); "serious physical injury" is defined in ORS 161.015(7).

96 (1970). The language used in ORS 163.190 is not of the "dragnet" or "catchall" variety as disapproved in *State v. Sanderson,* 33 Or App 173, 178, 575 P2d 1025 (1978). The statute provides an adequate basis to distinguish between anti-social conduct which was intended to be prohibited and socially tolerable conduct which could not reasonably have been intended to be subject to criminal sanction. We find, therefore, that ORS 163.190 is not vague. Reversed and remanded for trial.