# STANLEY EARL McNUTT,
*Respondent,*

*v.*

# STATE OF OREGON,
*Appellant.*

## (No. 16-80-10401, CA A21463)

642 P2d 692

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

William S. Wiley, Eugene, argued the cause for respondent. With him on the brief was Butler, Husk, Gleaves & Swearingen, Eugene.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Petitioner pleaded guilty in district court to the offense of removal of material from the bed of a stream contrary to the conditions of a permit. ORS 541.615(1).[1] Imposition of sentence was suspended, and he was placed on probation for two years. As a condition of probation, defendant was ordered to pay a $1,000 fine. Instead of taking a direct appeal, petitioner sought post-conviction relief, contending that (1) ORS 541.615(1) is unconstitutionally vague under the Equal Protection and Due Process Clauses of the state and federal constitutions, and (2) the sentence imposed was in excess of that authorized by law, because the complaint stated only a violation.[2]

The post-conviction court found that ORS 541.615(1) was not unconstitutionally vague but that the sentence imposed by the district court was void. The court therefore remanded the matter for resentencing. The state appeals.[3] The issue is whether the post-conviction court erred in finding that the complaint stated only a violation.

The state first contends that petitioner was correctly sentenced, because the statute under which he was convicted implicitly contained a culpable mental state. Petitioner contends that in its answer to his petition for post-conviction relief the state conceded that the offense charged "does not require a culpable mental state * * *," and that, therefore, the state is precluded from arguing this theory on appeal. Generally, parties to an appeal are restricted to the theory upon which the case was presented to the trial court. *Leiser v. Sparkman,* 281 Or 119, 122, 573

---

[1] ORS 541.615(1) provides:

"Except as otherwise specifically permitted * * *, no person or governmental body shall remove any material from the beds or banks or fill any waters of this state without a permit issued under authority of the Director of the Division of State Lands, or in a manner contrary to the conditions set out in the permit."

[2] ORS 161.635(3) provides:

"A sentence to pay a fine for a violation shall be a sentence to pay an amount, fixed by the court, not exceeding $250."

[3] Petitioner's cross-appeal, contending that the circuit court erred in finding that ORS 541.615 is not unconstitutionally vague was dismissed on petitioner's motion.

P2d 1247 (1978); *see State v. Hickmann*, 273 Or 358, 360, 540 P2d 1406 (1975); *Garrison v. Pacific NW Bell*, 45 Or App 523, 527, 608 P2d 1206 (1980).

The state contended in its answer:
"Although there is no explicit culpable mental state specified in ORS 541.615, there is no clear legislative intent to dispense with a culpable mental state. Unless there is such clear legislative intent, the inference remains that the legislature intended a culpable mental state as part of the crime."

From our reading of the record, it appears that the only suggestion that the state conceded that no culpable mental state was required by ORS 541.615 was petitioner's assertion to the circuit court that the state so conceded. During the hearing, counsel for the state did not address the issue of culpable mental state extensively or with great clarity; however, counsel did make plain the state's position that the offense was punishable as a misdemeanor "and a mental state is required." After examining the state's answer to the petition and the transcript of the post-conviction hearing, we are satisfied that the state sufficiently articulated the issue below to raise it here.

We must decide whether ORS 541.615(1) requires a culpable mental state. Generally, all offenses require a culpable mental state. ORS 161.095. Here, the circuit court relied on ORS 161.105(2), which, in providing an exception to that rule, states:
"Notwithstanding any other existing law, and unless a statute enacted after January 1, 1972, otherwise provides, an offense defined by a statute outside the Oregon Criminal Code that requires no culpable mental state constitutes a violation."

In *State v. Wolfe*, 288 Or 521, 605 P2d 1185 (1980), the Supreme Court articulated a two part test for falling within the ambit of ORS 161.105(2) and reducing an offense to a violation. First, the statute defining the offense must be outside the Oregon Criminal Code. Here, the statute defining the offense, ORS 541.615(1), is outside the criminal code. Second, the statute must clearly indicate a legislative intent to dispense with any culpable mental state requirement. 288 Or at 525; *see State v. Stroup*, 290 Or 185, 207,

620 P2d 1359 (1980) (Linde, J., concurring). That part of the *Wolfe* test is not satisfied here. ORS 541.615(1) provides:

"Except as otherwise specifically permitted under ORS 541.605 to 541.665, no person or governmental body shall remove any material from the beds or banks or fill any waters of this state without a permit issued under authority of the Director of the Division of State Lands, or in a manner contrary to the conditions set out in the permit."

The statutory language does not clearly indicate a clear legislative intent to dispense with a culpable mental state.[4] Absent that intent, we find this case is controlled by ORS 161.115(2), which provides:

"Except as provided in ORS 161.105, if a statute defining an offense does not prescribe a culpable mental state, culpability is nonetheless required and is established only if a person acts intentionally, knowingly, recklessly or with criminal negligence."

In explaining the intention and operation of the culpability provisions, including ORS 161.115(2), the drafters of the criminal code stated:

"The [culpability provisions] will do away with the problem that now often arises when a statute defining a crime fails to prescribe a required culpable mental state of mind. In that case, it requires that intention, knowledge, recklessness, or criminal negligence shall have existed in order to find the defendant guilty, except in cases of violations (which are not punished by imprisonment) or if the law defining the offense clearly indicates a purpose to dispense with any culpable mental state requirement." Proposed Oregon Criminal Code Art 2, §§ 7-11 Commentary at 11 (Final Draft and Report 1970).

We have repeatedly applied ORS 161.115(2) when a statute within the criminal code did not specifically prescribe a culpable mental state and did not clearly evidence a legislative intent to create a strict liability crime. *See, e.g., State v. Huie,* 52 Or App 975, 977, 630 P2d 382 (1981), *aff'd,* 292 Or 335, 638 P2d 480 (1982); *State v.*

---

[4] Petitioner agrees with the state that a violation of ORS 541.615(1) is not a strict liability crime, because the legislature failed to dispense with a culpable mental state. Under the *Wolfe* analysis, however, conceding the legislature did not clearly intend to dispense with a culpable mental state dooms petitioner's contention that the offense prescribed in ORS 541.615(1) only constitutes a violation. *State v. Wolfe,* 288 Or 521, 525, 605 P2d 1185 (1980).

*Gartzke,* 39 Or App 463, 465, 592 P2d 1040, *rev den* 286 Or 435 (1979); *State v. Francis,* 30 Or App 359, 361, 567 P2d 558 (1977), *aff'd* 284 Or 621, 588 P2d 611 (1978). We also have relied on ORS 161.115(2) in resolving culpable mental state issues in cases involving statutes outside the criminal code. *State v. Eyerly,* 37 Or App 399, 404, 587 P2d 1039 (1978); *State v. Hash,* 34 Or App 281, 284, 578 P2d 482, *rev den* 284 Or 1 (1978); *see also City of Portland v. Chicharro,* 53 Or App 483, 488, 632 P2d 489, *rev den* 291 Or 893 (1981).

In *State v. Eyerly, supra,* in explaining that the general culpability provisions of the criminal code apply to statutes outside the code, we stated:

"* * * To determine the elements of and possible punishment for an offense defined outside the Criminal Code, it is necessary to consider both the statute defining the offense * * * and the general criminal liability statutes, ORS 161.085 *et seq.* * * *" 37 Or App at 402.

The commentary to the criminal code also leads to the conclusion that the general criminal liability statutes, including ORS 161.115(2), are relevant in determining whether ORS 541.615(1) includes a culpable mental state. The commentary takes an express position against "use' of 'strict liability' concepts in criminal law, whenever the offense carries the possibility of sentence of imprisonment." Proposed Oregon Criminal Code, *supra,* Commentary at 11; Art 2, Commentary, §§ 7-11 (1970). The commentary makes clear that "[t]his position relates not only to offenses defined by the criminal code itself, but covers the entire body of state law, so far as penal sanctions are involved." Proposed Oregon Criminal Code, *supra,* Commentary at 11. The position is soundly based on the fact that, "in the absence of minimal culpability, the law has neither a deterrent nor corrective nor an incapacitative function to perform." Proposed Oregon Criminal Code, *supra,* Commentary at 11.

■ ■ We hold that when, as here, a statute outside the criminal code provides for the sanction of imprisonment,[5]

---

[5] Although not specifying a specific penalty, ORS 541.990 states that a violation of ORS 541.615 constitutes a misdemeanor. In the absence of a specified penalty, under ORS 161.555(3), the offense is considered a Class A misdemeanor. Class A misdemeanors are punishable by up to one year imprisonment, ORS 161.615(1), and by a fine not exceeding $2,500, ORS 161.635(1)(a).

and when that statute neither clearly indicates an intent to dispense with a culpable mental state nor clearly indicates an intent to create a strict liability crime, culpability is required by ORS 161.115(2). Culpability is established only if a person is proved to have acted intentionally, knowingly, recklessly, or with criminal negligence. *See* ORS 161.085(7)-(10).

█ Petitioner pleaded guilty to a complaint charging him with criminal negligence in violating the following provisions of ORS 541.615(1):[6]

"* * * no person * * * shall remove any material from the beds or banks or fill any waters of this state * * * *in a manner contrary to the conditions set out in the permit.*" (Emphasis added.)

The statute assumes circumstances in which the person charged has received a permit and consequently possesses written notice of its conditions. Possession of a permit would at a minimum give the permittee constructive notice of the conditions upon which it was granted. Failure to follow those conditions arguably would constitute criminal negligence. ORS 161.085(10) states:

"'Criminal Negligence' or 'criminally negligent,' when used with respect to a result or to a circumstance described by a statute defining an offense, means that a person fails to be aware of a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

Although possession of a permit clearly gives the permittee notice of its conditions, it seems unlikely that the legislature would have intended a "higher" degree of culpability, such as "knowledge," in defining a violation of ORS 541.615(1).

We hold that criminal negligence is the appropriate culpability standard for proof of violating ORS 541.615(1). Therefore, the post-conviction court erred in voiding the sentence imposed by the district court.

Reversed.

---

[6] We need not decide here whether the other offense defined in ORS 541.615(1), the filling or removal of material without a permit, constitutes a strict liability offense.