661 P.2d 123 (1983)
62 Or.App. 472
STATE of Oregon, Appellant,
v.
Juan Santos GARCIAS, Respondent. State of Oregon, Appellant,
v.
DISMAS CHAVEZ, Respondent. State of Oregon, Appellant,
v.
FRANKLIN DIMAS, Respondent. State of Oregon, Appellant,
v.
Justin Kelly Comer, Respondent. State of Oregon, Appellant,
v.
HARVEY CHICO MULLINS, Respondent. State of Oregon, Appellant,
v.
Cassandra Diane Griffith, Respondent.
Nos. B63-876; B64-116; B64-116; B64-110; B63-873; B63-949; CA A26238 (Control); A26283; A26284; A26285; A26286; A26387.
Court of Appeals of Oregon.
Argued and Submitted March 23, 1983.
Decided April 6, 1983.
Reconsideration Denied April 29, 1983.
Thomas H. Denney, Asst. Atty. Gen., Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Atty. Gen., and William F. Gary, Sol. Gen., Salem.
Thomas L. Fagan, Eugene, argued the cause for respondents. With him on the brief was Robert J. Larson, Public Defender, Eugene.
Before GILLETTE, P.J., and WARDEN and YOUNG, JJ.
PER CURIAM.
In these criminal cases, consolidated for the purpose of appeal, the state appeals rulings by various judges of the Lane County District Court that the menacing statute, ORS 163.190,[1] is unconstitutional. This court has recently held to the contrary in State v. Anderson, 56 Or. App. 12, 641 P.2d 40 (1982), but the judges were apparently convinced that our opinion in Anderson was overruled sub silentio in State v. Robertson, 293 Or. 402, 649 P.2d 569 (1982). We disagree.
Reversed and remanded for trial.
NOTES
[1] ORS 163.190 provides:

"(1) A person commits the crime of menacing if by word or conduct he intentionally attempts to place another person in fear of imminent serious physical injury.
"(2) Menacing is a Class A misdemeanor."