Argued and submitted May 18, 1992, affirmed April 21, 1993

CITY OF PORTLAND,
*Respondent,*

*v.*

Leslie A. HEMSTREET,
*Appellant.*

(DA 440424-9104; CA A70441)

850 P2d 1131

Michael Curtis, Portland, argued the cause and filed the brief for appellant.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Defendant appeals her conviction for disobeying a police officer at an assembly. Portland City Code 14.24.100. Defendant raised six assignments of error but, at oral argument, she withdrew two of them. We address her remaining assignments in which she contends that the trial court erred by disallowing her demurrer to the complaint and in its instructions to the jury. We affirm.

Police arrested defendant at a demonstration that occurred during a presidential visit to Portland. The police were clearing a street to form a police line and an officer asked defendant and others to "move back" from the street. Defendant refused to move, and the officers removed and arrested her.

In her first and fourth assignments, defendant contends that the complaint against her is legally insufficient. She argues that it does not allege facts that constitute an offense, ORS 135.630(4), because it fails to adequately describe the nature of the police order that she disobeyed.

Section 14.24.100 makes it unlawful to disobey a police order to "disperse" at an assembly when violence has occurred or is imminent.[1] ORS 132.550(7) requires that an accusatory instrument contain:

"A statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended."

---

[1] Section 14.24.100 of the Portland City Code, provides:

"(a) At an assembly of three or more persons, when there is reasonable cause to believe that a disturbance of the peace or danger to public safety is imminent if the assembly continues, a peace officer may order persons present at the assembly to abandon any weapons or to disperse, if he finds that two or more persons present:

"(1) Are threatening bodily harm to another or damage to property, with immediate power to carry out that threat, or

"(2) Have committed an unlawful act or violence during the course of the assembly.

"(b) It is unlawful for any person present at the scene of an assembly of three or more persons to disobey an order of a peace officer authorized by this Section."

The complaint states that defendant disobeyed a police officer's order to "move back." Under ORS 132.550(7), that statement sufficiently alleges that defendant disobeyed an order to disperse.

As near as we can tell from her brief, defendant also makes a constitutional challenge that the words "order to disperse" in the ordinance are vague and overbroad. She asserts only that the complaint is indefinite, because "disperse" is not statutorily defined. Because she does not further elaborate on her constitutional challenge, we decline to address it.

■    Defendant next argues that the complaint is insufficient, because the ordinance is unconstitutional under *Cantwell v. Connecticut*, 310 US 296, 60 S Ct 900, 84 L Ed 1213 (1940). She contends that the ordinance does not meet the requirements of a "clear and present danger" before police may order a crowd to disperse.

In *Cantwell*, the Court said:

> "When clear and present danger of riot, disorder, interference with traffic upon the public streets, or other immediate threat to public safety, peace, or order, appears, the power of the State to prevent or punish is obvious." 310 US at 308.

Before police may order a crowd to disperse and arrest a person for failing to comply, section 14.24.100 requires that the peace officer find that

> "two or more persons present: (1) Are threatening bodily harm to another or damage to property, with immediate power to carry out that threat, or (2) Have committed an unlawful act of violence during the course of the assembly."

Although the ordinance does not use the words "clear and present danger," the elements defined by the ordinance meet the constitutional test. *See City of Portland v. Chicharro*, 53 Or App 483, 487, 632 P2d 489, *rev den* 291 Or 893 (1981).

■■    In her fifth assignment, defendant argues that the court erred in refusing to instruct the jury on the definition of the word "disperse." She contends that a definition is necessary to prevent speculation by the jury on a key element of the

crime charged. Generally, the court need not provide a definition for a word of common usage. *State v. McDonnell*, 313 Or 478, 497, 837 P2d 941 (1992). When "disperse" is applied to the context of this case—police moving a crowd at a demonstration—the term is readily comprehensible as a commonly used word and does not require a specific jury instruction.

■     In her final assignment, defendant argues that the court erred in its instruction to the jury on the elements of the charge.[2] She first contends that the instruction is inadequate, because it does not refer to the "clear and present danger" test. The court used the language of the ordinance to instruct the jury. As discussed previously, the language of the ordinance survives the "clear and present danger" test. The court was not required to instruct in the words of the constitutional test.

■     Second, defendant argues that the court erred by failing to instruct the jury that the city must prove that she *knew* that two or more people threatened bodily harm or damage to property or that someone had committed an unlawful act of violence during the assembly. She relies on *City of Portland v. Chicharro, supra*, which involved the same ordinance.

In that case, the defendant argued that the ordinance was deficient, because it did not require a culpable mental state. We held that, because the charging instrument

---

[2] The court instructed the jury:

"A person commits the crime of disobeying a police officer at an assembly if she knowingly fails to obey a police officer at an assembly. To establish the crime of disobeying a police officer at an assembly, the state must prove beyond a reasonable doubt the following elements. I'm going to give you six elements.

"(1) That the act was committed in the City of Portland, in Multnomah County, Oregon.

"(2) That the act was committed on or about the 21st day of May, 1990.

"(3) That while at an assembly of two or more persons,

"(4) the defendant knowingly disobeyed an order to disperse given by a peace officer.

"(5) That said order was given by the peace officer after there was reasonable cause to believe that a disturbance of the peace or danger to public safety was imminent if the assembly continued, and

"(6) that said order was given by a peace officer after the officer found that two or more persons present threatened bodily harm to another or immediate damage to property with the immediate power to carry out such a threat."

alleged that the defendant knowingly refused to obey a police officer's instruction, the ordinance was not invalid. In *dicta*, we suggested that the ordinance requires proof that a defendant knew the circumstances that authorized the police to give the order to disperse. We now reject that *dicta*.

The *dicta* confuses what defendant must know before she violates the ordinance with what the police officer must know before giving an order to disperse. The gravamen of defendant's offense is that she disobeyed an officer's order to disperse. The element of culpability requires that defendant knew that an order to disperse was given and that she disobeyed that order. On the other hand, the circumstances under which an order may be given by the police relates to the *officer's* knowledge of impending or actual violence at the assembly. The court's instructions properly set out both requirements for the jury.

Defendant also demurred to the complaint because it failed to allege defendant's knowledge of the circumstances underlying the officer's order. For the reasons just stated, that allegation was not required.

Affirmed.