**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO GUADALUPE BURBOA-ROCHA, AKA Francisco Burboa-Rocha,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.    14-73005<br><br>Agency No. A095-776-843<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 8, 2018
Portland, Oregon

Before:  RAWLINSON and NGUYEN, Circuit Judges, and GARBIS,** District
Judge.

Francisco Burboa-Rocha petitions for review of an order of the Board of

Immigration Appeals (BIA) dismissing his appeal from an immigration judge's

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Marvin J. Garbis, United States District Judge for the
District of Maryland, sitting by designation.

decision denying Burboa-Rocha's applications for cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review factual findings under the deferential substantial evidence standard. *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). We review de novo the BIA's interpretation of Burboa-Rocha's statute of conviction. *Latter-Singh v. Holder*, 668 F.3d 1156, 1159 (9th Cir. 2012). However, we afford deference to the BIA's conclusion regarding whether the statute of conviction categorically criminalizes turpitudinous conduct. *Id.* at 1159-60. Because the BIA's decision in this case is neither precedential nor based on controlling precedent, we "defer to the BIA's determination only to the extent that it has the power to persuade (i.e., *Skidmore* deference)." *Id.* at 1160.

1. Substantial evidence supports the BIA's finding that Burboa-Rocha is ineligible for asylum or withholding of removal because Burboa-Rocha did not establish a nexus between the harm he suffered or fears and a protected ground in

the Immigration and Nationality Act (INA).[1]  *See Zetino v. Holder*, 622 F.3d 1007, 1015-16 (9th Cir. 2010).  Even assuming that Burboa-Rocha's family is cognizable as a "social group" under the INA, there is no evidence that he was or would be targeted based on his family membership.  Burboa-Rocha admitted that he did not know his assailants, and they did not indicate why they attacked him.  Nor did he put forth any evidence about why his mother received threatening phone calls or why his cousin was killed.

2.  The BIA reasonably determined that a conviction for menacing in violation of Oregon Revised Statute § 163.190 is categorically a crime involving moral turpitude.  Section 163.190 requires the intentional attempt to place another person in fear of imminent serious physical injury.  *State v. Anderson*, 641 P.2d 40, 41 (Or. Ct. App. 1982).  The BIA has explained that "[a]mong the tests to determine if a crime involves moral turpitude is whether the act is accompanied by a vicious motive or a corrupt mind."  *Matter of Ajami*, 22 I. & N. Dec. 949, 950 (BIA 1999).  We have upheld the BIA's emphasis on "evil or malicious intent" as "the essence of moral turpitude."  *Latter-Singh*, 668 F.3d at 1161 (quoting *In re Flores*, 17 I. & N. Dec. 225, 227 (BIA 1980)).  Accordingly, we defer to the BIA's

---

[1] On this appeal, Burboa-Rocha has not advanced any arguments in support of his claim for relief under CAT.  We therefore decline to reach the issue.  *See Husyev v. Mukasey*, 528 F.3d 1172, 1183 (9th Cir. 2008).

conclusion that menacing requires specific intent, which reflects a vicious motive, and that the act of intentionally attempting to place the victim in imminent fear of serious physical injury makes menacing reprehensible.

**PETITION FOR REVIEW DENIED.**