Argued June 29, affirmed August 8, reconsideration denied September 14, 1977, petition for review pending

STATE OF OREGON, *Respondent,*

*v.*

LLOYD EDWARD FRANCIS, *Appellant.*

(No. 76 0205, CA 7293)

567 P2d 558

Robert C. Cannon, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Catherine Allan, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Appealing from his conviction for rape, defendant assigns as error the trial court's exclusion of evidence of partial responsibility and failure to instruct on that issue.

ORS 161.300 provides:

"Evidence that the actor suffered from a mental disease or defect is admissible whenever it is relevant to the issue of whether he did or did not have the intent which is an element of the crime."

The statutes defining rape, ORS 163.355-163.375, do not specify any culpable mental state. "* * * [C]ulpability is nonetheless required and is established only if a person acts intentionally, knowingly, recklessly or with criminal negligence." ORS 161.115(2). In this case, the indictment alleged defendant "did * * * knowingly, by forcible compulsion, engage in sexual intercourse * * *," etc.[1]

In order to extend ORS 161.300 from its stated applicability ("the intent * * * element of the crime") to a rape alleged to have been committed knowingly, defendant would have us interpret "intent" in ORS 161.300 as meaning any culpable mental state recognized by the criminal law. The legislative history is to the contrary. When the draftsmen began consideration of what became ORS 161.300, they noted that Model Penal Code § 4.02(1) (Tent Draft No 4, 1955) provides that psychiatric evidence is admissible to prove that a defendant "did or did not have a state of mind which is an element of the offense." They expressly rejected this formulation, preferring a formulation permitting psychiatric evidence to negate "a specific intent or purpose which is an element of the crime":

"* * * Professor Platt first pointed out that the phrase in section 1, 'specific intent or purpose which is an element of the crime,' was designed primarily to

---

[1] Defendant stipulated to the facts alleged in the indictment. The only issue submitted to the jury was the defense of mental disease or defect excluding responsibility, ORS 161.295.

indicate that only where a specific intent was involved would the partial responsibility doctrine apply. * * *
"* * * * *

"Judge Burns then noted that the Model Penal Code section 4.02 used the term 'state of mind' and asked if there was a difference between that phrase and 'specific intent or purpose' as employed in the proposed draft. * * *" Minutes, Criminal Law Revision Commission, Subcommittee No. 3, September 20, 1968, pp 1-2.

Later in the drafting process the phrase "specific intent or purpose" was changed to simply read "intent," was adopted in that form by the Legislative Assembly and now appears as ORS 161.300. The legislative history contains no explanation for this latter change, although we can speculate that it may have been based on the fact that other statutes then being drafted removed the concept of "specific intent" from Oregon law. *State v. Booth,* 30 Or App 351, 567 P2d 559 (1977).

This history shows a purposeful decision to limit the admissibility of partial-responsibility evidence to situations where the crime charged included an "intent" element. We decline defendant's invitation to extend ORS 161.300 to crimes involving other mental elements.

We are aware of possible incongruities in the statutory scheme. Intent is defined as conscious purpose, ORS 161.085(7); knowledge is defined as conscious awareness, ORS 161.085(8). A logician might have difficulty explaining why partial-responsibility evidence can negate purpose but cannot negate awareness. However, the Legislative Assembly is entitled to make, and in ORS 161.300 did make, such a policy decision. Moreover, historically the doctrine of partial responsibility was closely linked with the legal effect of intoxication. Oregon's statute on intoxication, ORS 161.125(1), permits evidence thereof "to negative an element of the crime charged." This, presumably, would allow intoxication evidence to negate knowl-

edge, although partial-responsibility evidence cannot. If anomalies these be, they are not of our making.

Affirmed.