# STATE OF OREGON, *Respondent,*
## *v.*
# LLOYD EDWARD FRANCIS, *Petitioner.*
## (CA 7293, SC 25618)
588 P2d 611

Robert C. Cannon, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Salem.

Catherine Allan, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

HOWELL, J.

## HOWELL, J.

Defendant was indicted[1] by a grand jury and tried on one count of rape in the first degree, ORS 163.375, and one count of rape in the second degree, ORS 163.365. Defendant entered a plea of not guilty and filed notice of his intent to rely on an insanity defense, ORS 161.295, and a partial responsibility defense, ORS 161.300[2]. The trial court granted the state's

[1] The indictment of the Lane County Grand Jury reads as follows:

"The above named defendant is accused by the Lane County Grand Jury of the crime of RAPE IN THE FIRST DEGREE and RAPE IN THE SECOND DEGREE committed as follows:

"COUNT I

"The defendant on or about the 9th day of January, 1976, in the county aforesaid, did unlawfully and knowingly, by forcible compulsion, engage in sexual intercourse with Dorris Kay Courter, a female; contrary to statute and against the peace and dignity of the State of Oregon.

"COUNT II

"and as part of the same act and transaction set out in Count I herein, the said defendant on or about the 9th day of January, 1976, in the county aforesaid, did unlawfully and knowingly engage in sexual intercourse with Dorris Kay Courter a female under the age of fourteen years; contrary to statute and against the peace and dignity of the State of Oregon.

"Dated this 26th day of May, 1976, at Eugene, Lane County, Oregon."

[2] ORS 161.295(1) provides:

"A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law."

ORS 161.300 provides:

"Evidence that the actor suffered from a mental disease or defect is admissible whenever it is relevant to the issue of whether he did or did not have the intent which is an element of the crime."

Both the State and the defendant, as well as the Court of Appeals, have referred to ORS 161.300 as establishing a "partial responsibility" defense. As the New Mexico Supreme Court has observed, however, the term "partial responsibility"

"* * * is actually a misnomer, and the theory may not be given an exact name. However, it means the allowing of proof of mental derangement short of insanity as evidence of lack of deliberate or premeditated design. In other words, it contemplates full responsibility, not partial, but only for the crime actually committed." *State v. Padilla*, 66 NM 289, 347 P2d 312, 314 (1959).

pretrial motion to exclude any evidence of partial responsibility. After the jury was sworn, the parties entered into a stipulation "that the facts recited in the indictment took place." Thereafter, defendant introduced evidence of his mental condition at the time of the crime in an attempt to establish an insanity defense under ORS 161.295.[3]

The trial judge instructed the jury that the only issue before it was the issue of insanity, which the defendant had the burden of proving by a preponderance of the evidence.[4] The trial court refused to give defendant's instruction based on the language of ORS 161.300. The jury convicted the defendant of rape in

For convenience, and because the parties in the present case have so referred to the defense, we will use the term "partial responsibility" throughout this opinion.

[3] Substantial evidence of mental disease or defect was admitted under ORS 161.295. There was testimony that the defendant suffered organic brain damage because of the *in utero* death and decay of his twin. There was evidence that the defendant had an extremely low IQ, that he suffered from a convulsive seizure disorder, and that he was an alcohol-dependent person.

[4] The instructions to the jury at the close of trial did not include the usual instructions as to proof beyond a reasonable doubt and the elements of the crime because the parties had stipulated to the facts in the indictment. In fact, the trial judge expressly instructed the jury to avoid using the beyond a reasonable doubt standard:

"Now, further, as you'll remember from the Stipulation entered into at some point in this case, this is a case in which the burden of proof will rest upon the defendant whereas in most of the criminal cases you have had I'm sure that the burden of proof has rested upon the State, * * *.

"Now, you have heard in the other criminal cases that you might have sat on the term 'beyond a reasonable doubt.' The duty to prove something beyond a reasonable doubt.

"Now, that test has no place in this case. That's the standard that the State ordinarily has to meet, but the State does not have the burden of proof here, the defendant has the burden of proof but his burden of proof is to prove by a preponderance of the evidence rather than beyond a reasonable doubt."

The trial judge also instructed on the defense of insanity:

"Now, as I said, the defense of mental disease or defect excluding responsibility has been raised in this case. The defense is affirmative

the first degree and the Court of Appeals affirmed, 30 Or App 359, 567 P2d 558 (1977). We granted review.

■ Defendant assigns as error the trial court's refusal to allow defendant to submit evidence of partial responsibility and the court's refusal to instruct on partial responsibility.

The claim that the trial court erred in excluding defendant's partial responsibility evidence is without merit, for the simple reason that the evidence in fact was admitted. Although the court did grant the State's motion "to exclude evidence of partial responsibility," the court's ruling, as a practical matter, was meaningless, since all the evidence relating to defendant's mental disease was admitted to prove insanity under ORS 161.295. In fact, defendant does not contend on appeal that he was precluded from offering any evidence by the ruling of the trial court. On the contrary, defendant argues that the defense of partial responsibility was "overwhelmingly supported" by the evidence he introduced relating to his insanity defense. Although the trial court's ruling on the State's motion may have been confusing, it was not reversible error.[5]

---

defense and must be proved by the defendant. To establish it the defendant must prove by a preponderance of the evidence the following elements:

"One; that at the time of the commission of the criminal act, the defendant suffered from a mental disease or defect, and two; that as a result of his mental disease or defect, the defendant lacked substantial capacity to conform his conduct to the requirements of the law."

[5]Defendant also argues that the trial court's ruling was unconstitutional in that it excluded evidence relevant to an element of the State's case: the mental element. Defendant relies on *Chambers v. Mississippi,* 410 US 284, 93 S Ct 1038, 35 LEd 2d 297 (1973) for the proposition that courts may not apply rules of evidence in a manner that denies a criminal defendant an opportunity to present his case. Again, we must point out that all the evidence relevant to defendant's mental condition was admitted. *Chambers v. Mississippi,* supra, is therefore inapposite.

■ Defendant's second assignment of error is the trial court's refusal to give the following jury instruction:

"The evidence that the defendant suffered from a mental disease or defect may be considered by you in determining the issue whether defendant did or did not have the *intent* which is an element of the crime." (Emphasis added.)

Defendant claims the trial court was required under ORS 161.300 to give the requested instruction. We find no support for this contention in the language of the statute. ORS 161.300 is an evidentiary statute and does not speak to the issue of jury instructions.

■ We hold that the trial court properly refused to give the requested instruction because the indictment charging defendant with rape did not allege "intent." A requested instruction is always properly refused unless it ought to have been given in the very terms in which it was proposed. *State v. North,* 238 Or 90, 390 P2d 637 (1964). Under this state's criminal code, the concepts of "intent" and "knowledge" are distinct, *compare* ORS 161.085(7) and 161.085(8), and an instruction worded in terms of "intent" should not be given in a prosecution for a crime where the indictment alleges "knowledge." The trial court correctly refused the requested instruction.

Affirmed.