Argued and submitted March 16, affirmed December 14, 1981

STATE OF OREGON,
*Respondent,*
*v.*
VIRGINIA LEE WILHELM,
*Appellant.*

(No. J81451 and J81452, CA 19136)

637 P2d 1294

Nancy W. Campbell, Portland, argued the cause for appellant. With her on the brief was Rogers & Campbell, Portland.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant appeals from her conviction for the traffic infractions of failure to perform the duties of a driver at the scene of an accident, ORS 483.602, and driving under the influence of intoxicants. ORS 487.540. She assigns as error, *inter alia,* the trial court's failure to suppress evidence of a blood alcohol test on the basis of *State v. Scharf,* 288 Or 451, 605 P2d 690 (1980), and the failure to give two jury instructions concerning her state of mind with respect to the charge of failure to perform the duties of a driver at the scene of an accident. We affirm.

Defendant and a friend were socializing at the home of two acquaintances on the evening of January 13, 1980. They left their friends' home about 12:30 a.m. on January 14 to return to their own home in northeast Portland. The weather was inclement. On their way home, at approximately 1:15 a.m., defendant collided with the rear of another car at the intersection of N.E. 28th and Sandy. Damage to the other car was not severe, and there were no personal injuries.

The driver and the passenger of the other car attempted to talk to defendant after both cars had pulled to the curb. The driver testified that defendant was very intoxicated and nearly incoherent. For her part, defendant testified that she pulled to the curb because she intended to exchange information with the driver of the other car. When the driver and his passenger came to her car, they were shouting and tried to open the doors. The driver started to beat on her car with his artificial limb, which she had first thought to be a weapon.

Defendant left the scene without providing any of the information she was required to give under ORS 483.602. She testified that she and her companion went to the downtown Portland area and had several drinks before finally going home sometime after 3:00 a.m.

A Portland police officer, who had investigated the accident and obtained defendant's home address based upon license number information received from the other driver and his passenger, was waiting for defendant when she arrived home and arrested her on the present charges.

She was taken to the police station, where she was asked to take a breath test. She asked to call an attorney but was denied an opportunity to do so. She finally took the test, the results of which were admitted in evidence at trial over a timely objection.

■ Defendant first assigns as error the trial court's refusal to suppress the results of her breath test, because she was not given an opportunity to contact an attorney. *See State v. Scharf, supra.* The trial court's refusal to suppress the breath test result was correct. *State v. Newton,* 291 Or 788, 636 P2d 393 (1981).

Defendant also assigns as error the trial court's refusal to give the following proposed instruction:

"The defense of justification has been raised.

"The driver of an automobile involved in an accident which results in damage to another car, is justified in leaving the scene of that accident without furnishing the information required by ORS 483.602 if she honestly and reasonably believes that she or her passenger are in danger of bodily harm if she remains at the scene of the accident to furnish the information required by ORS 483.602 and for that reason, leaves the scene of the accident.

"In order to establish the offense of failure to perform the duties of a driver involved in an accident, the [prosecution] must disprove this defense beyond a reasonable doubt. * * * "

■ A trial court may properly refuse to give an incomplete instruction. *State v. Francis,* 284 Or 621, 626, 588 P2d 611 (1978); *State v. Delucia,* 40 Or App 711, 714, 596 P2d 585 (1979). In the present case, defendant labeled her requested instruction as one of "choice of evils" under ORS 161.200, which provides:

"(1) Unless inconsistent with other provisions of chapter 743, Oregon Laws 1971, defining justifiable use of physical force, or with some other provision of law, conduct which would otherwise constitute an offense is justifiable and not criminal when:

"(a) That conduct is necessary as an emergency measure to avoid an imminent public or private injury; and

"(b) The threatened injury is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding the injury

clearly outweigh the desireability of avoiding the injury sought to be prevented by the statute defining the offense in issue.

"(2) The necessity and justifiability of conduct under subsection (1) of this section shall not rest upon considerations pertaining only to the morality and advisability of the statute, either in its general application or with respect to its application to a particular class of cases arising thereunder."

In *State v. Matthews,* 30 Or App 1133, 569 P2d 662 (1977), this court stated that there were three components of a defense of necessity or "choice of evils":

"(1) Defendant's conduct must be necessary to avoid a threatened injury, (2) the threatened injury must be imminent, and (3) it must be reasonable for defendant to believe that the need to avoid the threatened injury is greater than the need to avoid the injury covered by the violated statute." 30 Or App at 1136.

Defendant's requested instruction says only that a driver is justified in leaving the scene of an accident without furnishing the required information "'* * * if she honestly and reasonably believes that she or her passenger are in danger of bodily harm if she remains at the scene of an accident. * * *'" This instruction completely omits any reference to the elements of imminence and the balancing process contained in (2) and (3) under *State v. Matthews, supra.* Those omissions made the requested instruction an incomplete statement of the law, and the trial court did not err in refusing to give it. *State v. Francis, supra.*

Defendant relies on *State v. Burris,* 10 Or App 297, 500 P2d 265 (1972). *Burris* did deal with the admissibility of evidence on the issue of necessity in a similar case of leaving the scene of an accident. However, the case did not set out the elements of a proper jury instruction for such a defense. The later case of *State v. Matthews, supra,* established those elements, and defendant's requested instruction had to comply with *Matthews* in order to be a correct statement of the law.

Affirmed.[1]

---

[1] Defendant's three other assignments of error do not merit discussion.