Argued and submitted September 27, 1991, convictions affirmed; remanded for resentencing April 22, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## CELESTE VEETA OWENS,
*Appellant.*

(90-06-33809; CA A67526)

829 P2d 726

David K. Allen, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant was convicted of arson in the first degree. ORS 164.325. She challenges her sentence, claiming that the sentencing court erred in determining her crime seriousness classification. We remand for resentencing.

Although ORS 164.325 does not subcategorize arson I, under the sentencing guidelines it is classified as category 9 on the crime seriousness scale, if the economic loss is greater than $50,000 and the offense did not present a threat to human life. Arson I is category 10 if the offense presented a serious threat to human life. OAR 253-04-002, App 2; *Oregon Sentencing Guidelines Implementation Manual* 17 (1989).[1] Defendant was convicted of intentionally setting fire to protected property and causing damage in excess of $50,000.[2] She was not charged with conduct that presented a serious threat to human life. However, there was evidence that the fire did, in fact, pose that threat.

After the court had found defendant guilty, this colloquy occurred:

"[Court]: What's the grid on this case for PSI purposes?

"* * * * *

"[Prosecutor]: It's a 9A.

"[Court]: It's a 9A. Okay.

"[Defendant's counsel]: Excuse me. I believe it is a 9C, Your Honor, on the grid block. There is some confusion in regard to how many convictions she has and how many are person crimes and how it should be computed. I believe at the very most it is a C rather than an A.

"* * * * *

---

[1] In fact, the guidelines create four separate categories for arson I.

[2] The indictment reads:

"The above-named defendant is accused by the Grand Jury of Multnomah County, State of Oregon, by this indictment of the crime of ARSON IN THE FIRST DEGREE committed as follows:

"The said defendant, on or about June 25, 1990, in the County of Multnomah, State of Oregon, did unlawfully and *intentionally damage protected property * * * by starting a fire,*

"The state further alleges that *the amount of damage* caused by the above described conduct *was $50,000* or more * * *." (Emphasis supplied.)

"[Court]: Those are the two options that both of you see as possibilities, 9A or 9C?"

However, the presentence investigation report placed defendant in grid block 10 B. Neither party nor the sentencing court noticed the error. The court sentenced defendant as if she had been convicted of category 10 arson. Defendant did not object.

 Defendant argues that, because she was convicted of category 9 arson I, she cannot be sentenced for a category 10 arson. She also contends that we should review the error, although unpreserved, because it is apparent on the face of the record. ORAP 5.45(2). Defendant is correct. *State v. Quintero*, 110 Or App 247, 259, 823 P2d 981 (1991). The state concedes that, if we review the error, the court erred in sentencing defendant as a category 10 arson. *State v. Moeller*, 105 Or App 434, 806 P2d 130, *rev dismissed* 312 Or 76, 815 P2d 701 (1991). We accept the concession. The fact that the evidence at trial would support a finding that defendant's arson did threaten human life is irrelevant. Evidence cannot be the basis for classifying a crime, unless the enhancing factor was alleged and proved to the trier of fact. 105 Or App at 439.

Conviction affirmed; remanded for resentencing.