Submitted on record and briefs October 2, convictions affirmed; remanded for resentencing December 23, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## TONY DEEN STALDER,
*Appellant.*

## (90C-21105; CA A71343)

844 P2d 225

Sally L. Avera, Public Defender, Salem, filed the brief for appellant.

Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Youlee Yim You, Assistant Attorney General, Salem, filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

**WARREN, P. J.**

Defendant was convicted of assault in the first degree with a firearm and possession of a dangerous weapon with the intent to use it unlawfully. ORS 163.185; ORS 166.220. We remand for resentencing.

■ Defendant argues that the court erred in not instructing the jury that his actions were taken in self-defense. There was no error. His defense was in fact not self-defense, which, under ORS 161.209,[1] requires that a person have a reasonable belief that the degree of force used is necessary to counter unlawful physical force. Defendant testified that the weapon discharged by accident. That testimony did not support giving a self-defense instruction, and the court did not abuse its discretion in not giving it.

■ On the assault conviction, the court imposed an incarceration term of 61 months, within the presumptive sentence under grid block 10-H. It also imposed a 60-month minimum term pursuant to ORS 161.610(3). The state concedes that the trial court erred in placing the conviction in category 10, instead of category 9. The indictment failed to allege that the victim did not precipitate the attack, which is a subcategory factor of assault in the first degree. The factor could not be used to enhance defendant's sentence. *State v. Owens*, 112 Or App 462, 829 P2d 726 (1992).

Defendant also argues that the court could not sentence him to both the presumptive sentence and a gun minimum term under ORS 161.610.[2] Defendant contends that

---

[1] Self-defense is defined in ORS 161.209:

"Except as provided in ORS 161.215 and 161.219, a person is justified in using physical force upon another person for self-defense or to defend a third person from what the person reasonably believes to be the use or imminent use of unlawful physical force, and the person may use a degree of force which the person reasonably believes to be necessary for the purpose."

[2] ORS 161.610(3) provides, in part:

"Notwithstanding the provisions of ORS 161.605 or 137.010(3), if a defendant is convicted of a felony having as an element the defendant's use or threatened use of a firearm during the commission of the crime, the court shall impose at least the minimum term of imprisonment as provided in subsection (4) of this section. Except as provided in ORS 144.122 and 144.126 and subsection (5) of this section, in no case shall any person punishable under this section become eligible for work release, parole, temporary leave or terminal leave until the minimum term of imprisonment is served, less a period of time equivalent to

one term or the other is required by OAR 253-09-001(1), which provides:

> "If a mandatory prison sentence is required or authorized by statute, the sentence imposed shall be that determinate sentence or the sentence under these rules whichever is longer."

ORS 137.637 provides:

> "When a determinate sentence of imprisonment is required or authorized by statute, the sentence imposed shall be the determinate sentence or the presumptive sentence as provided by the rules of the State Sentencing Guidelines Board, whichever is longer."

■  Insofar as defendant's argument applies to the incarceration term, he is correct that only one term of imprisonment may be imposed. If resentencing were not otherwise required, however, the error would not require remand, because defendant's mandatory term under ORS 161.610 would be completed before the determinate presumptive sentence of 61 months. The state also notes that defendant's argument might be moot on resentencing, because the court might impose a presumptive term under category 9 and, therefore, the 60-month term under ORS 161.610 would control.

However, we write to avoid any implication that imposition of a guidelines sentence that is longer than the incarceration term in ORS 161.610 means that ORS 161.610 does not apply. As the state points out, ORS 161.610 contains provisions in addition to the incarceration terms and has implications for future sentencing. The mandatory limitations of OAR 253-09-001(1) and ORS 137.637 apply only to the incarceration term. *See* ORS 137.669. They do not in any way limit the application of the other provisions of ORS 161.610.

Convictions affirmed; remanded for resentencing.

---

any reduction of imprisonment granted for good time served or time credits earned under ORS 421.121, nor shall the execution of the sentence imposed upon such person be suspended by the court."