Argued and submitted December 30, 1992, reversed and remanded for new trial
May 19, 1993

# STATE OF OREGON,
*Respondent,*

*v.*

# SANDRIEN CELEST BOYCE,
*Appellant.*

(10-91-03730; CA A72136)

852 P2d 276

David C. Degner, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Janie M. Burcart, Assistant Attorney General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant appeals her conviction for assault in the second degree, ORS 163.175(1)(b),[1] assigning error to the trial court's refusal to give her requested jury instructions. We reverse.

The assault occurred in a Eugene nightclub. Although defendant and the victim did not know each other well, they were sitting among a large group of people. When defendant attempted to serve herself some beer from the victim's pitcher, the victim told her that she could not have any of the beer. About two hours later, defendant approached the victim to discuss the beer incident.

According to the state's witnesses, defendant approached the victim, called her a "bitch" and asked for her phone number. Immediately thereafter, defendant punched her in the stomach area with her left fist and knocked her against a wall. Defendant then smashed a beer glass that she held in her right hand against the wall near the victim's head and began slashing at her face with part of the broken glass. The victim then grabbed defendant's arms and held her against a wall until a bouncer separated the two and ejected defendant from the club. The victim's wounds in her face required 37 stitches.

According to defendant, she approached the victim and asked her why she responded in such a "bitchy" manner about the beer, and then asked her for her phone number so they could talk later about the situation. The victim responded by grabbing defendant's left hand, bending her fingers, twisting her arm behind her back and then pushing her against a wall. Because of the pushing, defendant had to back up and raise her hands in the air to prevent herself from

---

[1] ORS 163.175 provides, in part:

"(1) A person commits the crime of assault in the second degree if the person:

"(a) Intentionally or knowingly causes serious physical injury to another; or

"(b) Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon[.]"

Defendant did not request, and the trial court did not give, a jury instruction on the second degree assault that is based on ORS 163.175(1)(a).

falling. At that time, the beer glass in her right hand hit the wall and shattered. Defendant testified that she was unaware that the glass had broken. When the victim "came bursting out towards her," the broken glass in defendant's right hand "collided" with the side of the victim's face. The glass then fell on the floor. Because the victim continued to attack, defendant threw her hands wildly in front of herself to keep the victim away. Defendant testified that she had no intent to smash a glass, broken or not, into the victim's face.

Defendant was indicted for assault in the first degree. ORS 163.185(1).[2] She requested, and the trial court gave, a jury instruction on the lesser included offense of assault in the second degree, ORS 163.175(1)(b). However, the court did not give the instructions defendant requested on the lesser included offenses of assault in the third and fourth degrees, or on self-defense. Defendant assigns error to the court's failure to give those instructions. We review the evidence in the light most favorable to the establishment of facts that would require those instructions. *State v. Smith*, 107 Or App 647, 649, 813 P2d 1086 (1991).

■ A defendant is entitled to an instruction on a lesser included offense if the record contains

"evidence, or an inference which can be drawn from the evidence, which supports the requested instruction so that the jury could rationally and consistently find the defendant guilty of the lesser offense and innocent of the greater." *State v. Washington*, 273 Or 829, 836, 543 P2d 1058 (1975) (footnote omitted); *see also State v. Farrar*, 309 Or 132, 168, 786 P2d 161 (1990).

Defendant submitted a proposed instruction on assault in the third degree, which was based on UCrJI No. 1407:

"To establish the lesser included offense of Third Degree Assault, the State must prove beyond a reasonable doubt each of the following material elements:

"* * * * *

---

[2] ORS 163.185(1) provides:

"A person commits the crime of assault in the first degree if the person intentionally causes serious physical injury to another by means of a deadly or dangerous weapon."

"(3) [Defendant] recklessly caused physical injury to [the victim] by means of a dangerous weapon.

"(4) [Defendant] caused the physical injury under circumstances manifesting extreme indifference to the value of human life."

That instruction correctly states the law under ORS 163.165(1)(c).[3] ORS 161.085(9) defines "recklessly" to mean that

"a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

The state argues that the trial court properly refused to give the instruction on third degree assault, because the record contains no evidence from which the jury could find that defendant acted recklessly. We disagree. Although the thrust of defendant's testimony was that she accidentally caused the broken glass to "collide" with the victim's face and the state's theory was that defendant intentionally slashed her face with a broken glass, the jury was not required to believe either theory entirely. *See State v. White*, 303 Or 333, 349, 736 P2d 552 (1987). This is not a case in which the evidence is such that the jury must find defendant guilty of intentional assault or not guilty at all. *Cf. State v. Tucker*, 109 Or App 519, 522, 820 P2d 834 (1992). The fact that defendant approached the victim with a beer glass in an abusive way, the manner in which defendant swung her broken glass in front of the victim's face and the extent of the injury the victim suffered could well lead a rational jury to conclude that

---

[3] ORS 163.165(1) provides, in part:

"A person commits the crime of assault in the third degree if the person:

"(a) Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon;

"(b) Recklessly causes serious physical injury to another under circumstances manifesting extreme indifference to the value of human life.

"(c) Recklessly causes physical injury to another by means of a deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life[.]"

defendant was aware of but nonetheless consciously disregarded a substantial and unjustifiable risk.

■ Defendant also requested an instruction on assault in the fourth degree, which was based on UCrJI No. 1408:

"To establish the lesser included offense of Fourth Degree Assault, the state must prove beyond a reasonable doubt each of the following material elements:

"* * * * *

"(3) [Defendant] intentionally caused physical injury to [the victim]."

■ The state first argues that the trial court correctly refused to give that instruction, because it failed to include "knowingly" and "recklessly," and thus did not fully and accurately state the law. *See State v. Francis*, 284 Or 621, 626, 588 P2d 611 (1978). We reject that argument. ORS 163.160(1)(a)[4] provides that a person can commit the crime of assault in the fourth degree if that person acts "intentionally," "knowingly," or "recklessly." Although defendant's instruction would have informed the jury of only one of those alternatives, nothing required her to submit an instruction that incorporated all three theories. As long as an instruction does not omit a *necessary* element and there is evidence to support it, a defendant is entitled to that instruction. *See State v. Wilhelm*, 55 Or App 168, 172, 637 P2d 1294 (1981). Here, no necessary element was omitted from the proposed instruction. If the jury had found facts sufficient to support it, it could have convicted defendant of fourth degree assault. Defendant's proposed instruction was correct.

■ The state nonetheless contends that the record does not contain any evidence to support defendant's fourth degree assault instruction. In its view, the only element distinguishing second degree assault under ORS 163.175 (1)(b) from fourth degree assault under ORS 163.160 (1)(a) is that, for second degree assault, the victim's physical injury must be inflicted by a dangerous weapon; defendant's

---

[4] ORS 163.160 provides, in part·

"(1) A person commits the crime of assault in the fourth degree if the person:

"(a) Intentionally, knowingly *or* recklessly causes physical injury to another[.]" (Emphasis supplied.)

intent to use that weapon is irrelevant. Because the parties do not dispute that the victim's injuries were caused by a dangerous weapon, the state contends that no rational jury could logically find fourth degree assault and not second degree assault. That contention is based on a faulty premise.

Under ORS 163.175(1)(b), a person is guilty of second degree assault if that person intentionally causes physical injury to another person by means of a dangerous weapon. Because the mental state specified in ORS 163.175(1)(b) applies to each material element of that offense, ORS 161.115(1),[5] defendant did not commit second degree assault unless she intended to cause the victim physical injury *and* she intended to do so by means of a dangerous weapon. The state's theory was that defendant intentionally slashed the victim's face with a broken glass. Defendant's testimony was that she did not know that the glass in her hand had broken when it hit the victim's face. Again, the jury was not required to believe either version completely. Rather, it could have found, based on a composite of evidence, that defendant intended to cause the victim a physical injury but did not intend to cause it by a dangerous weapon. Because that would constitute assault in the fourth degree, the court erred in not giving defendant's requested instruction on that offense.[6]

■ Finally, defendant argues that the court erred in refusing to give her requested instruction on self-defense. The state responds that the court did not err, because defendant did not advance that theory at trial and there is no evidence to support it. We agree with the state.

■ Self-defense is an "ordinary defense." *State v. Freeman*, 109 Or App 472, 476 n 4, 820 P2d 37 (1991). Once it is raised, the state has the burden of disproving it beyond a

---

[5] ORS 161.115(1) provides:

"If a statute defining an offense prescribes a culpable mental state but does not specify the element to which it applies, the prescribed culpable mental state applies to each material element of the offense that necessarily requires a culpable mental state."

[6] We need not consider whether the trial court could have refused to instruct on assault in the third degree under ORS 163.165(1)(c) or assault in the fourth degree under ORS 163.160(1)(a) on the ground that the victim suffered "serious physical injury," ORS 161.015(6), rather than merely "physical injury," ORS 161.015(7), because the state did not argue that below and does not argue it here.

reasonable doubt. ORS 161.055(1). If it is not raised, the state has no burden to negate it. ORS 161.055(3). The defense is "raised" when the defendant gives a "notice in writing to the state before commencement of trial" or presents "*affirmative evidence* by a defense witness[.]" ORS 161.055(3). (Emphasis supplied.) Defendant did not give a written notice. The question is whether she presented any affirmative evidence of the defense.

■　　To act in self-defense, a person must intentionally or at least knowingly engage in an act to prevent another from imminent use of physical force. ORS 161.209.[7] It is different from an accident, which lacks assaultive intent. *State v. Shumway*, 291 Or 153, 156, 630 P2d 796 (1981). In *Shumway*, the defendant killed the victim with the second of two pistol shots. He testified in his defense that he fired the first shot in self-defense and the second shot by accident. On cross-examination, he testified that he did not know if he fired the second shot intentionally or not and that he did not know if he intended to kill the victim or not. The trial court gave an instruction on self-defense. Defendant excepted to a portion of it that implied that he had a duty to escape and assigned that as error on appeal. The Supreme Court said that it was not even necessary for the trial court to give the self-defense instruction:

> "The affirmative defense of self-defense was clearly raised regarding the first shot, but not the second shot, which was the homicidal act. According to the state's evidence, the second shot was fired deliberately after any necessity for self-defense had ceased. According to the defendant's evidence, the second shot was not self-defense. Rather, the defense was accident; i.e., lack of assaultive intent. In these circumstances, the self-defense instruction was *superfluous* and was more to the benefit of the defendant than to his prejudice." 291 Or at 156. (Emphasis supplied.)

*Shumway* stands for the proposition that, if a defendant asserts accident as a defense to an act for which the

---

[7] ORS 161.209 provides:

"Except as provided in ORS 161.215 and 161.219, a person is justified in using physical force upon another person for self-defense * * * from what the person reasonably believes to be the use or imminent use of unlawful physical force, and that person may use a degree of force which the person reasonably believes to be necessary for the purpose."

defendant is criminally charged, the trial court is not required to give a self-defense instruction, even if other aspects of the defendant's behavior may be viewed as self-defense.

In this case, defendant's theory in her defense was that the victim's injuries were caused by accident. She testified that the victim attacked her first, and that she reacted only by backing up to prevent herself from falling. By her own account, she was even unaware that the glass in her hand had broken when it struck the victim's face. Rather, according to defendant, it was the victim's own aggressive action that caused her face to come in contact with the broken glass, resulting in injuries. Although she testified that, after the glass fell on the floor, she threw her hands up to keep the victim away, there was no evidence that that action caused or exacerbated the victim's injuries. Further, defendant maintained at trial that she did not *intend* in any way to injure the victim by striking her face with the glass, broken or not.[8] Because her defense was accident, and there was no evidence to support the theory of self-defense, the trial court was justified in not giving the self-defense instruction. *See State v. Stalder*, 117 Or App 289, 291, 844 P2d 225 (1992).

Because of our disposition, we need not consider defendant's assignment of error relating to the court's imposition of restitution.

Reversed and remanded for a new trial.

---

[8] Defendant testified:

"Q [by defense counsel]: * * * Well, did you intend to smash a regular beer glass into her face?

"A: No. I had no intentions to do that at all.

"Q: Did you intend to smash broken glass into her face?

"A: No, I didn't. I had no intention to do that at all."