Argued and submitted February 25, affirmed March 23, 1994

## STATE OF OREGON,
*Respondent,*

*v.*

## ROBERTO VEGA RODRIQUEZ,
*Appellant.*

(92C-20853; CA A77716)

870 P2d 270

Alan H. Biedermann, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. On the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, and Harrison Latto, Assistant Attorney General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant appeals the sentence imposed after he pled guilty to burglary in the first degree pursuant to a plea agreement, ORS 164.225. The indictment originally charged defendant with a burglary in crime seriousness category 9. Pursuant to the plea negotiations, and in exchange for defendant's guilty plea, the state agreed to strike the subcategory allegation that defendant caused or threatened physical injury to the victim. The trial court was informed that the last sentence of the indictment was to be stricken, changing the crime seriousness category from 9 to 8. It replied, "O.K." However, at sentencing, the court imposed a 36-month prison term as a downward departure, apparently using the presumptive sentence for grid block 9G, which was in the presentence investigation report.

Defendant contends that the court exceeded its authority by not sentencing him according to grid block 8H, because the amended indictment charged him with a category 8 burglary in the first degree. He does not argue that a sentence of 36-months imprisonment was not possible,[1] but, instead, argues that his case is indistinguishable from *State v. Owens*, 112 Or App 462, 829 P2d 726 (1992). In *Owens*, the defendant, who had been convicted of arson, was sentenced under category 10 for an offense that presented a serious threat to human life, instead of category 9, as alleged in the indictment. Neither party noticed the error, but we addressed it as an error apparent on the face of the record and accepted the state's concession that the trial court erred in sentencing the defendant for a category 10 arson.

However, we decided *State v. Owens, supra,* before the Supreme Court's decisions in *State v. Farmer*, 317 Or 220, 856 P2d 623 (1993), and *State v. Castrejon*, 317 Or 202, 856 P2d 616 (1993). It is clear from those decisions that we do not have unbridled discretion to review unpreserved errors. Rather, we must justify our exercise of discretion. Defendant made no protest to any discrepancy between the agreement and the sentence. We agree with the state that defendant has

---

[1] The presumptive range for grid block 8H is 19-20 months, allowing for a departure sentence of 38-40 months.

not provided a compelling argument for us to exercise our discretion to review the unpreserved error.[2]

Affirmed.

---

[2] The state also argues that the sentence is not reviewable as one which resulted from an agreement, *State v. Adams*, 315 Or 359, 847 P2d 397 (1993), and that the 1993 legislative amendment to ORS 138.222(2)(d) does not assist defendant. Because of our disposition, we need not address that argument.