Argued and submitted February 25, affirmed April 13, 1994

## STATE OF OREGON,
### *Respondent,*

*v.*

## RICHARD RAY DALLABONA,
### *Appellant.*

### (92-09-5807-C; CA A78299)

872 P2d 444

Alan H. Biedermann, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals sentences imposed after his convictions for rape in the first degree, ORS 163.375, and sexual abuse in the first degree, ORS 163.427, following his pleas of guilty pursuant to plea negotiations. Before accepting defendant's plea, the court noted that the sexual abuse count would merge with the rape count for sentencing purposes and that defendant's grid block for rape in the first degree appeared to be 9-E. However, the presentence investigation report placed defendant in grid block 10-C, and the court imposed sentence using that block. Defendant did not object to the sentences.

Defendant now argues that the court erred in sentencing him under crime seriousness category 10, instead of 9, and in imposing a post-prison supervision term of more than 36 months, pursuant to ORS 144.103. Relying on *State v. Owens*, 112 Or App 462, 829 P2d 726 (1992), he argues that the errors are apparent on the face of the record. However, as noted in *State v. Rodriquez*, 127 Or App 89, 870 P2d 270 (1994), we decided *Owens* before the Supreme Court had made it clear that we do not have unbridled discretion to review unpreserved errors but must justify our exercise of discretion. Defendant has not provided a compelling argument for us to review the error.

Affirmed.