Argued and submitted May 3, 2002, reversed and remanded February 25, 2004

## STATE OF OREGON,
*Respondent,*

*v.*

## DANNY LEWIS DAHRENS,
*Appellant.*

## C981048972; A108383

84 P3d 1122

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Public Defender.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Haselton, Presiding Judge, and Landau and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant appeals his convictions for assault in the fourth degree and reckless endangerment. He assigns error to the trial court's failure to instruct the jury on self-defense and defense of property. We conclude that the trial court erred in failing to instruct the jury on self-defense and reverse.

■ A defense to a criminal charge must be presented to a jury through a jury instruction "if there is any evidence from which the jurors could infer that the required elements of the defense are present." *State v. Shelley*, 110 Or App 225, 228, 821 P2d 1111 (1991). "We review the evidence in the light most favorable to the establishment of facts that would require" the court to give a requested instruction. *State v. Boyce*, 120 Or App 299, 302, 852 P2d 276 (1993).

Viewed in that light, the facts of this case are as follows. Someone stole car speakers from the car of defendant's son, Christopher. Christopher received an anonymous tip that he could find his speakers next to a fence adjoining property owned by Runyon. Defendant drove Christopher and one of Christopher's friends to Runyon's house. Christopher and his friend crossed Runyon's yard and one of them climbed over a five-foot cyclone fence to hand the speakers back to the other. Runyon's neighbor, McMillan, saw the two boys retrieve the speakers, so he telephoned Runyon to tell him about it. Runyon met McMillan outside and tried to engage defendant, who was now in his car with the boys and the recovered speakers, in a discussion about what the boys had been doing in his yard. Runyon and McMillan stood in front of defendant's car to prevent him from driving off. McMillan then stepped out of the car's way and Runyon moved around to the driver's side of the car, first grabbing the windshield wiper of defendant's car with one hand and then lunging with both arms through defendant's open window. As soon as the two men moved, defendant began to drive away. At first he drove slowly. However, once Runyon stuck his arms into the car, defendant quickly accelerated in an attempt to escape Runyon because he feared that Runyon was going to attack him. As defendant sped up, Runyon grabbed either the car's

steering wheel or defendant's arm. The car swerved towards Runyon, knocking him down and causing him various injuries.

■ We conclude that those facts are sufficient to warrant an instruction on self-defense. The relevant statute on self-defense is ORS 161.209, which provides:

> "Except as provided in ORS 161.215 and 161.219, a person is justified in using physical force upon another person for self-defense * * * from what the person reasonably believes to be the use or imminent use of unlawful physical force, and the person may use a degree of force which the person reasonably believes to be necessary for the purpose."

Here, the evidence would permit a jury to find that defendant reasonably believed that Runyon was about to attack him. The jury also could find that the force that defendant used to evade that threat, accelerating his car and knocking Runyon over, was reasonable under the circumstances. The statute requires that a person engage in a defensive act with the knowledge or intent that it will thwart another's application of unlawful force. In *Boyce,* we noted that "[t]o act in self-defense, a person must intentionally or at least knowingly engage in an act to prevent another from imminent use of physical force." *Boyce,* 120 Or App at 306. A person need not, as the state suggests, intend to assault another in order to claim self-defense. As our language in *Boyce* indicates, the defense of self-defense is available where an act is done with the knowledge or intent that it will thwart another's application of unlawful force.

Our interpretation of the statute is consistent with Oregon cases on self-defense. In *State v. Shumway,* 291 Or 153, 156, 630 P2d 796 (1981), the Supreme Court held that a self-defense instruction was not required where the defendant, who shot his assailant twice, sought the instruction for the second shot even though the evidence established that defendant either had accidentally pulled the gun's trigger on the second shot or had intentionally shot the assailant "after any necessity for self-defense had ceased." Similarly, we held in *Boyce* that the defendant was not entitled to a self-defense instruction where she claimed that she had accidentally slashed another person's face with broken glass. *Boyce,* 120

Or App at 307. In each of those cases, the defendants asserted that they had not intended to do the acts that caused the injuries to the other people.

Here, in contrast, there is evidence from which the jury could find that the act that gave rise to the charge against defendant—the act of accelerating the car and striking Runyon—was an act deliberately undertaken by defendant to avoid what he perceived as an imminent application of unlawful force by Runyon. In other words, the jury could find that, to the extent that defendant struck Runyon with his car, he did so in order to protect himself against unlawful force. We conclude, therefore, that the evidence was sufficient to warrant a self-defense instruction.

■ Ordinarily, a "trial court is not vested with discretion to refuse an instruction supported by the evidence." *State v. McBride,* 287 Or 315, 319, 599 P2d 449 (1979). A trial court may refuse to give a requested instruction that correctly states the law and is supported by evidence only if the court adequately covers the subject of the requested instruction in other instructions. *State v. Tucker,* 315 Or 321, 332, 845 P2d 904 (1993) ("It is not error for a trial court to refuse to give a requested instruction if the instruction given by the court, although not in the form requested, adequately covers the subject of the requested instruction.").

A proper self-defense instruction notifies the jury that self-defense has been raised, gives the jury the appropriate standard for analyzing the self-defense claim, and informs the jury that the burden of proof is on the state to prove beyond a reasonable doubt that the defendant did not act in self-defense. ORS 161.055; ORS 161.209. Nothing in the trial court's instructions to the jury notified the jury of defendant's claim of self-defense or the proper standard for analyzing the claim. It follows that the court erred in failing to instruct the jury on self-defense.

■ Defendant argues that the court also erred by refusing to instruct the jury on defense of property. Because the issue could arise on remand, we address it. A defendant is entitled to an instruction on defense of property when the evidence, viewed in the light most favorable to the defendant, shows that the defendant used physical force against another

because the defendant reasonably thought it necessary to stop the person from stealing or damaging property criminally. ORS 161.229. The evidence in the record is insufficient to support a finding that, when defendant accelerated his car, he had reason to believe that Runyon was attempting to reclaim the speakers or to damage the car. Hence, the trial court did not err in refusing to instruct the jury on defense of property.

Reversed and remanded.